UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GABRIEL CABANAS CABANAS.,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACLITY,

Respondent.

No. 1:26-cv-04750-DAD-CKD (HC)

ORDER DENYING PETITIONER'S
PETITION FOR WRIT OF *HABEAS CORPUS*
AND PETITIONER'S AND RESPONDENT'S
OUTSTANDING MOTIONS AS MOOT

(Doc. Nos 1, 2, 3, 4, 9.)

On June 22, 2026, petitioner proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and seeking in part his immediate release from immigration detention (Doc. No. 1.), a motion for temporary restraining order ("TRO") also seeking his immediate release from immigration detention (Doc. No. 4.), a motion to proceed *in forma pauperis* (Doc. No. 2), and a motion for appointment of counsel.  (Doc. No. 3).

On June 25, 2026, at 11:20 a.m., the court set a briefing schedule as to petitioner's motion for a TRO and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 7.)  The court also ordered respondent not to remove petitioner from the

1

Eastern District of California in part to preserve the *status quo* until this case was decided. (*Id.*) Further, the court indicated that if respondent opposed the court also ruling on the underlying *habeas* petition based upon the briefing currently before the court, it was directed to say so in their response. (*Id.*)

On June 26, 2026, respondent filed its opposition to the *habeas* petition and motion for a TRO, arguing that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2), which mandates detention for ninety (90) days following the entry of a final removal order. (Doc. No. 8. at 3-4.) Respondent contends that petitioner was ordered removed by an immigration judge ("IJ") on June 17, 2026, but granted the opportunity for voluntary departure until June 23, 2026, that petitioner waived an appeal to the Board of Immigration Appeals ("BIA"), remained in this country past June 23, 2026, and was taken back into immigration custody on June 24, 2026. (Doc. No. 8 at 3.) Further, respondent states that petitioner was placed on a flight to El Paso, Texas, to effectuate his removal at 10:30 a.m. on June 25, 2026, or 50 minutes prior to the court's 11:20 a.m. issuance of its minute order.[1] (Doc. No. 8 at 2.) Respondent has indicated it will not remove petitioner from this country until further order from this court. (Doc. No. 8 at 2.)

At the present time, this court agrees with respondent's position. A removal order becomes administratively final upon petitioner's waiver of a right to appeal that order to the BIA. *See Montalvan v. Crawford*, No. 06-cv-02800-PHX-SMM, 2007 WL 162684, at *2 (D. Ariz. Jan. 18, 2007) (finding that a removal order was final immediately upon waiver of right to appeal); *see also Tek v. Immigr. & Customs Enf't Field Off. Dir.*, No. 2:26-cv-00126-RAJ, 2026 WL 791798, at *1–2 (W.D. Wash. Mar. 20, 2026) (finding removal order became final upon waiver of appeal). Detention for the first 90 days following entry of a final removal order is mandatory. *See Arango Marquez v. I.N.S.*, 346 F.3d 892, 898 (9th Cir. 2003) ("Detention during the [90-day] removal

/////

---

[1] The court notes that respondent served its response to the Golden State Annex in its certificate of service. (Doc. No. 8 at 6.) That was in error. Respondent admits that petitioner had already been transferred to Texas for removal the day before it filed its response. (*Id.* at 2.) Respondent shall be ordered to serve their response (Doc. No. 8) and its accompanying exhibits on petitioner at his new place of detention in Texas. Furthermore, given petitioner's *pro se* status, the court will order the Clerk of Court to update petitioner's current address of record in this case.

period is mandatory."). Accordingly, petitioner is currently subject to mandatory detention pursuant to § 1231(a)(2).

Respondent states that it does not request a hearing and argues that the court should deny the pending *habeas* petition. (Doc. No. 8 at 2.) Based on facts and law stated above, the court will reach the merits of the underlying petition and will deny petitioner's *habeas* petition without prejudice to its potential refiling if the mandatory detention period lapses and petitioner remains in immigration custody past the ninety (90) day period described above.

For the reasons above,

1.  Petitioner's petition for writ of *habeas corpus* and motion for temporary restraining order (Doc. No. 1, 3) are DENIED without prejudice as follows:

    a.  Petitioner's petition for writ of *habeas corpus* is DENIED without prejudice to its refiling following the lapse of the ninety-day mandatory detention period set by 8 U.S.C. § 1231(a)(2);

    b.  Petitioner's motion for temporary restraining order is DENIED without prejudice as having been rendered moot by this order;

2.  Petitioner's motion to proceed *in forma pauperis* (Doc. Nos. 2) and motion for the appointment of counsel (Doc. No. 4) are DENIED without prejudice as moot in light of this order denying *habeas corpus* relief;

3.  Respondent's motion to lift the removal/transfer order (Doc. No. 9) is DENIED as moot because this court has denied petitioner's pending application for *habeas corpus* relief and the court's June 25, 2026 order maintaining the then *status quo* is no longer in place;

4.  The Clerk of Court is directed to update petitioner's address of record to the following: Prairieland Detention Facility, 1209 Sunflower Lane, Alvarado, TX 76009

5.  Respondent shall send a copy of its response to petitioner at his new current address and file a new certificate of service with the court within three (3) business days of this order;

3

6.      The Clerk of Court is directed to serve a copy of this order by mail on petitioner at his new address of record; and

7.      The Clerk of Court is also directed to enter judgment in favor of respondent and to close this case.

IT IS SO ORDERED.

Dated:   **July 9, 2026**                                    _Dale A. Drozd_____
                                                                              DALE A. DROZD
                                                                              UNITED STATES DISTRICT JUDGE